UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Twin Cities Stores, Inc.,

                Debtor(s).

-----------------------------------------------

John A. Hedback, Trustee

                Plaintiff,

vs.

BP Products North America Inc.

                Defendant.

-----------------------------------------------

BKY 09-34468

ADV _____

**COMPLAINT**

TO:    BP Products North America Inc. c/o Prentice-Hall Corp. System, Inc.; 380 Jackson St. #700, St. Paul MN 55101 and Michael Ryan, Esq. Murnane Brandt Law Offices, 30 East 7th Street, Suite 3200, St. Paul MN 55101

Plaintiff, for his cause of action and prayer for relief states:

## I. JURISDICTION

1. On June 30, 2009 Twin Cities Stores, Inc., (Debtor) filed a voluntary Chapter 11 petition in bankruptcy, thereby commencing the above-referenced bankruptcy case. On June 30, 2010, the case was converted to one under Chapter 7.

2. John Hedback (Trustee) was appointed trustee of the Chapter 7 bankruptcy estate.

3. The Court has jurisdiction over this adversary proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code and Bankruptcy Rule 7001.

4. Venue of this adversary proceeding is appropriate in this Court pursuant to Section 1409 of Title 28.

5. This adversary proceeding arises under Sections 547 and 550 of the U.S. Bankruptcy Code. This is a core proceeding pursuant to Section 157 of Title 28. This complaint is filed under Bankruptcy Rule 7001 and Local Rule 901.

## II. FACTUAL ALLEGATIONS

6. Prior to April 1, 2009 (90 days prior to filing date), Debtor(s) were indebted to Defendant in an amount in excess of $300,252.00.

7. On June 9, 2009, Defendant entered and docketed a judgment for the above amount in Hennepin County District Court.

8. The entry and docketing of the judgment resulted in a lien being placed on real property owned by Debtor, including but not limited to real property located at 4180 Lakeland Avenue North, Robbinsdale; 6300 Zane Avenue North, Brooklyn Park; 6405 Minnetonka Boulevard; Minnetonka; 15114 Highway 7, Minnetonka; 240 Blake Road North, Hopkins; 530 Blake Road North, Hopkins; and 1120 7th Street South, Hopkins. The entry of this lien resulted in a transfer of an interest of the Debtor in property.

## III. COMPLAINT

9. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 8.

10. An interest of the Debtor(s) in property, namely a lien on property of the Debtor was transferred to Defendant.

11. Said transfer was made on account of an antecedent debt.

12. Said transfer was made while the Debtor(s) were insolvent.

13. Said transfer occurred on or within 90 days before the date of the bankruptcy filing.

14. Said transfer enabled Defendant to recover more than it would receive as a creditor under a Chapter 7 case, had the transfer not been made, and had Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

15. Plaintiff requests an order avoiding the transfer resulting from the entry and docketing of the judgment pursuant to Section 547 of the Bankruptcy Code.

16. Plaintiff requests an order recovering the lien interest obtained by Defendant for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff requests an order as follows:

(A) Avoiding the transfer to Defendant of the judgment lien pursuant to Section 547 of the Bankruptcy Code;

(B) Recovering the lien interest obtained by Defendant for the benefit of the bankruptcy estate pursuant to Section 550 of the Bankruptcy Code;

(C) Awarding the Plaintiff his attorneys fees and costs; and

(D) Granting any other relief the Court deems just and proper.

Hedback, Arendt, Kohl & Carlson, PLLC

Dated: November 5, 2010            _____/e/John A. Hedback_____
John A. Hedback, #142438
2855 Anthony Lane South
Suite 201 Anthony Place
St. Anthony, MN  55418
(612) 436-3280
ATTORNEY FOR PLAINTIFF